

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 14, 2024

**By ECF**
Hon. Arun Subramanian
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Mariko Shinagawa, et al. v. United States of America, et al.*, No. 22 Civ. 10173 (AS)

Dear Judge Subramanian:

    This Office represents the United States of America (the "Government") in the above-referenced medical malpractice case involving a mother and infant brought pursuant to the Federal Tort Claims Act. We write respectfully on behalf of all parties to seek a temporary stay of the expert discovery deadline, from September 6, 2024, until September 24, 2024, which will allow the parties to participate in the settlement conference currently scheduled for September 17, 2024, and subsequently to provide a status report to the Court.

    On May 16, 2024, the parties sought referral to a magistrate judge for a settlement conference to take place after the parties had exchanged expert disclosures, but before the parties took expert depositions in the hope of avoiding further costs. ECF No. 82. The Court granted this request. ECF No. 83. Judge Wang subsequently scheduled a settlement conference for September 17, 2024. ECF No. 87. All discovery is complete aside from expert depositions. However, expert discovery is set to close on September 6, 2024—prior to the date that has been set for the settlement conference. Counsel continues to believe that it is to the benefit of all parties to avoid the cost of expert depositions. *See* ECF No. 82 at 2 (requesting referral for settlement conference to take place before expert depositions). The parties anticipate that such costs are likely to be significant given that the Government and Plaintiff have each served six expert reports.

    The parties are mindful of the Court's prior order indicating that no further discovery extensions would be granted. ECF No. 83. However, the parties believe that there is good cause to temporarily stay the expert deposition deadline until after the settlement conference on September 17, 2024. The parties also respectfully suggest that they be permitted to file a joint letter updating the court on the status of settlement by September 24, 2024. Should the parties fail to settle, the parties will propose a new deadline for the end of discovery in that letter.

    The Government thanks the Court for its consideration of this request.

Page 2

Respectfully,

DAMIAN WILLIAMS<br>
United States Attorney

By:   */s/ Rebecca Salk*<br>
REBECCA SALK<br>
JENNIFER JUDE<br>
Assistant United States Attorneys<br>
86 Chambers Street, 3rd Floor<br>
New York, NY 10007<br>
212-637-2614/2663<br>
Rebecca.Salk@usdoj.gov<br>
Jennifer.Jude@usdoj.gov

cc: all counsel (by ECF)

Application DENIED. The Court referred this case for settlement on May 17, 2024, and ordered the parties to contact Magistrate Judge Wang's chambers no later than May 24, 2024. Dkt. 84. The parties did not follow these instructions, waiting until July 8, 2024, to contact Magistrate Judge Wang. Dkt. 85. Given the parties' delay, the settlement conference was scheduled for September 17, 2024--after the close of discovery.

Nevertheless, the Court will extend the time for the parties to take expert discovery until **October 7, 2024**. The parties should file a joint letter on **October 8, 2024**, proposing a briefing schedule for any dispositive motions that the parties intend to file.

The Clerk of Court is directed to terminate the motion at ECF No. 106.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 14, 2024