**MEMO ENDORSED.**

# THE JACOB D. FUCHSBERG LAW FIRM, LLP
3 PARK AVENUE, SUITE 3700
NEW YORK, NEW YORK 10016
TEL: (212) 869-3500
FAX: (212) 398-1532
www.fuchsberg.com

ALAN L. FUCHSBERG
BRADLEY S. ZIMMERMAN*
ELI A. FUCHSBERG*
_____

KEITH H. GROSS
JOSEPH LANNI*
SHANNON MONTGOMERY*
CHRISTOPHER NYBERG*
WALTER OSUNA*°
NEAL BHUSHAN*
JAEHYUN OH*
_____

RIKKI B. DASCAL
CELENA GONZALEZ
HARDEEP SHERGILL
KEVIN LEE
_____

*ALSO ADMITTED IN NEW JERSEY
°ALSO ADMITTED IN CALIFORNIA

JACOB D. FUCHSBERG
(1913-1995)
_____

ROSALIND FUCHSBERG KAUFMAN
COUNSEL EMERITUS

KATHLEEN KETTLES
ANTHONY PAGAN
OF COUNSEL

Plaintiffs' request for permission to file excess pages is **GRANTED**. Plaintiffs' request to submit their billing records under seal is also **GRANTED**.

**SO ORDERED.**

_____
Ona T. Wang                    Jan. 6, 2025
U.S.M.J.

December 23, 2024

BY ECF
The Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Letter Motion per Individual Practice Rules III.c, III.d, & IV.
                  *Mariko Shinagawa, et. Al. v. United States of America*
                  **1:22-CV-10173**

Dear Judge Wang:

      I respectfully submit this letter pursuant to Your Honor's Individual Practice Rules III.c, III.d and IV. The parties have finalized the settlement documents and the proposed Infant Compromise Order Approving the Settlement on Behalf of a Minor (hereinafter the "ICO"), and it is Plaintiffs' intention to file the Declaration of the Attorneys and Affidavit of the plaintiff Mariko Shinagawa in Support of such ICO, along with the proposed ICO, Settlement Stipulation, and the accompanying exhibits.

      Pursuant to Your Honor's Rule III.c., there is a limitation for Memorandums of Law of 25 pages. Although Plaintiffs are not submitting any Memorandums of Law, and are only submitting the Declaration of Christopher Nyberg and Bradley Zimmerman (43 pages) and the Affidavit of Mariko Shinagawa (39 pages), out of an abundance of caution, Plaintiffs hereby request permission to submit these documents, even though they are longer than 25 pages. The reason for this request

1

is that we needed substantially more than 25 pages for these documents as there were multiple aspects of the case that need to be explained, including the details of the ICO, justification for the settlement, justification of our disbursements and attorneys' fees, justification for enrollment of the infant into the New York State Medical Indemnity Fund, approval of a derivative claim/personal injury allocation to the mother Mariko Shinagawa, and approval of the allocation of the settlement proceeds (including bank accounts, annuities, etc.), among other items. Therefore, we respectfully request permission to submit a Deceleration and Affidavit that are longer than 25 pages. There are no separate Memorandums of Law.

Pursuant to Rules III.c. and IV, the Plaintiffs respectfully request permission to submit a redacted copy of one exhibit (with the full exhibit being submitted *in camera*), namely the Attorney Hours Breakdown (Exhibit BB to the Declaration in Support of the ICO), which Exhibit is also attached to this motion as Exhibit 1. This exhibit contains all of the time spent on the case and detailed descriptions of the work performed by our firm, and as such, this exhibit contains attorney work-product, attorney-client privilege (information about attorney-client communications), and other privileged information under FRCP Rule 26(b)(3) and 26(b)(4) (including attorney communication with the experts). In this case, although Plaintiffs have settled this cased with defendant United States of America, it was only done pursuant to the provisional authority given to the United States Attorneys' Office, as pursuant to the Settlement Stipulation (Exhibit A), once the settlement is approved by the Court, the United States Attorney's Office will seek formal settlement authority from the Attorney General, or his/her designee, who must approve the terms of the settlement and authorize the United States Attorneys' Office to consummate the settlement. Thus, as the settlement is not final until settlement authority is granted by the Attorney General (or his/her designee), and thus can be voided, Plaintiffs do not want to disclose the information contained in the Attorney Hours Breakdown generally, and at least not until the settlement is finalized and the Attorney General, or his/her designee, gives final approval of the settlement.

Plaintiffs respectfully request that they be allowed to submit the Attorney Hours Breakdown *in camera* with most redacted (other than the total hours per each staff member, proposed fee rate, and total hours of the firm) given the sensitive nature of such information, or at least keep such exhibit redacted temporarily until the settlement has been fully approved by the Court and by the Attorney General, or his/her designee. **The Defendants have consented to the Plaintiffs' request to submit a redacted copy of the Attorney Hours Breakdown (Exhibit BB) and to submit the full exhibit *in camera*.**

Plaintiffs submit that this request is in line with the cases of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2016). Plaintiffs submit that the role of the Attorney Hours Breakdown (and specifically the redacted portions) in the "performance of Article III duties" is "negligible," and thus the "weight of the presumption" in favor of disclosure is low. This is especially true as the proposed Exhibit still has the total attorneys' and staff hours and the proposed rates unredacted, and especially as Plaintiffs submit (as argued in detail the Declaration in Support of the Infant Compromise Order), that the Courts have held that the trend in the second circuit has been moving towards accepting contingency fee agreements, and that thus the details of the attorneys hours has a more limited use. See Bernstein, 814 F.3d at 142. This is especially true, as the Attorney Hours

Breakdown is not being used to determine the litigants' substantive legal rights, is not the basis for the adjudication, is not a pleading, and is not a motion for summary judgment. See id. at 139-142.

      In addition, the Plaintiffs have a strong privacy interest against the disclosure of the unredacted Attorney Hours Breakdown to the Defendants, especially at this time, given that it contains information about attorney client communications, attorney work-product, and information about attorney expert communications, which are privileged from disclosure under FRCP 26(b)(3) and 26(b)(4), and which information could potentially be used against the Plaintiffs should the Attorney General, or his/her designee, choose to decline to give settlement authority or choose to void the settlement, in which case discovery would be resumed. In addition, the redactions to the Attorney Hours Breakdown are narrowly tailored to the privacy interest, as the total attorneys' hours and proposed attorneys' fees rates are included, along with the proposed contingency fee amount, and if necessary, these redactions could just be temporary, at least unless and until the settlement is finalized by the Attorney General, or his/her designee.

      Therefore, as the weight of the presumption of public access is low, as it is not highly relevant to the exercise of Article III judicial power, as there are strong privacy interests for the Plaintiffs in keeping the Attorneys Hours Breakdown redacted, and as the redactions are narrowly tailored to serve the privacy interest, Plaintiffs respectfully request permission to file a redacted version of the Attorney Hours Breakdown, which is attached hereto as Exhibit 1, and is submitted in conjunction with the Declaration in Support of the ICO, as Exhibit BB.

      Please let me know if the Court has anything else or has any questions. Thank you for consideration of this request.

                                            Respectfully submitted,
                                            JACOB D. FUCHSBERG LAW FIRM, LLP
                                            *Attorneys for Plaintiff*

                                      By: */s/ Christopher M. Nyberg*
                                            CHRISTOPHER M. NYBERG
                                            3 Park Avenue, 37th Floor
                                            New York, NY 10016
                                            Tel.: (212) 869-3500
                                            Fax: (212) 398-1532
                                            c.nyberg@fuchsberg.com

cc (VIA ECF):

United States Attorney's Office
Attention: Rebecca Salk, Esq.
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007