UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIKO SHINAGAWA, as Mother and Natural Guardian of K.D.S., an infant under the age of fourteen (14) years, and MARIKO SHINAGAWA, Individually,<br><br>Plaintiffs,<br><br>- against -<br><br>SANDY LUI BUI, M.D., THE UNITED STATES OF AMERICA, ANCA ROSCA CALIFANO, M.D., SARINA ALIZA SHUSTER, P.A., RONIEL WEINBERG, M.D., ALLAN W. HO, M.D., ANNA GRIGORYAN, P.A., SHAN FANG, R.N., THE NEW YORK AND PRESBYTERIAN HOSPITAL, and NEW YORK-PRESBYTERIAN LOWER MANHATTAN HOSPITAL,<br><br>Defendant. | **CIVIL ACTION NO.:**<br>**1:22-cv-10173** |

## AMENDED INFANT COMPROMISE ORDER APPROVING THE SETTLEMENT ON BEHALF OF A MINOR

On this 7 day of May , 2026, the above-referenced matter came on for approval by the Court as to the reasonableness of a settlement between the UNITED STATES OF AMERICA and Plaintiffs K██D ███K.█████or, and MARIKO SHINAGAWA, individually and as mother and natural guardian of K.D.S (together with K.D.S., "Plaintiffs"). Plaintiff K.D.S. appeared through counsel of record and his mother, MARIKO SHINAGAWA. Plaintiff MARIKO SHINAGAWA, individually and as mother and natural guardian of K.D.S, appeared in person and through counsel of record. Defendant UNITED STATES OF AMERICA appeared through its attorney of record. Plaintiffs also submitted for consideration, the Affidavit of MARIKO SHINAGAWA, individually and as Mother and Natural Guardian of K.D.S., duly verified and acknowledged on the 20th day of December, 2024 and the

Declaration of Plaintiffs' counsel, Bradley S. Zimmerman, Esq. and Christopher M. Nyberg, Esq., duly executed on the 20th day of December, 2024, and exhibits attached to such documents.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677, attached hereto as Exhibit A, respectively. The Court has reviewed the Plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard Plaintiffs' arguments in favor of the settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States and the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). See 42 U.S.C. § 233(k).

The Court finds that the terms and conditions of this settlement, as set forth herein and in the Stipulation, are fair, reasonable, and in the best interests of the plaintiffs, including infant plaintiff K.D.S. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement between Plaintiffs and defendant UNITED STATES OF AMERICA, as set forth herein and in Exhibit A, is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MARIKO SHINAGAWA and Shinya Shinagawa, as parents and natural guardians of K.D.S.., are appointed as guardians of the property of K.D.S., a minor, for purposes of receiving the settlement funds on his behalf under the Stipulation and this Order pursuant to NY CPLR. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff MARIKO SHINAGAWA,

individually, and as mother and Natural Guardian of infant plaintiff K.D.S., is authorized and permitted to settle and enter into a compromise of the causes of action brought on behalf of K.D.S. and MARIKO SHINAGAWA against defendant UNITED STATES OF AMERICA for a total overall settlement amount of FOUR MILLION TWO HUNDRED TWELVE THOUSAND NINE HUNDRED FIVE DOLLARS AND FOURTEEN CENTS ($4,212,905.14) (hereinafter the "Total Overall Settlement Amount"), with TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) payable by defendant UNITED STATES OF AMERICA.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the causes of action brought on behalf of K.D.S. are settled for the sum of THREE MILLION NINE HUNDRED SIXTY TWO THOUSAND NINE HUNDRED FIVE DOLLARS AND FOURTEEN CENTS ($3,962,905.14) (the "Infant's Total Settlement"), of which 50% is allocated to The New York State Medical Indemnity Fund (the "MIF") and 50% to the Infant's causes of action for personal injuries and other damages,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the cause of action of MARIKO SHINAGAWA for her past pain and suffering is settled in the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($250,000.00).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant UNITED STATES OF AMERICA shall pay the total sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), as provided by the terms and conditions of the Stipulation, and only after the stated conditions are met, including that the MIF has made a final determination that the infant is covered by the MIF and that his future medical care costs will be paid by the MIF, and that the settlement is approved by the Attorney General of the United States or his/her designee.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Total Overall Settlement Amount is allocated as follows:

1. The sum of THREE MILLION NINE HUNDRED SIXTY TWO THOUSAND NINE HUNDRED FIVE DOLLARS AND FOURTEEN CENTS ($3,962,905.14) is allocated to K.D.S.'s causes of actions for personal physical injuries and for his claims for future medical expenses, which are to be paid by the MIF pursuant to Public Health Law §2999-g.  Of the $3,962,905.14 allocated for K.D.S.'s causes of actions:

    i. The sum of One Million Nine Hundred Eighty One Thousand Four Hundred Fifty Two Dollars and Fifty Seven Cents ($1,981,452.57) is allocated for K.D.S.'s future medical costs, which will be provided by the MIF pursuant to Public Health Law §2999; and

    ii. The sum of One Million Nine Hundred Eighty One Thousand Four Hundred Fifty Two Dollars and Fifty Seven Cents ($1,981,452.57) is allocated for pain and suffering of infant K.D.S.

2. The sum of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($250,000.00) is allocated to MARIKO SHINAGAWA'S causes of action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff MARIKO SHINAGAWA, individually, and as Mother and Natural Guardian of infant plaintiff K.D.S., and Shinya Shinagawa (the father of infant plaintiff K.D.S.), and/or their attorneys, are directed, authorized, and empowered to execute and deliver the Settlement Stipulation and any other documents that are necessary to consummate this settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the causes of action on behalf of infant plaintiff K.D.S., by his Mother and Natural Guardian MARIKO SHINAGAWA,

4

against defendant UNITED STATES OF AMERICA are hereby settled in accordance with and pursuant to the provisions of the MIF, Article 2999-D of the Public Health Law ("PHL") of the State of New York.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that it has been found and determined, on the merits, that infant plaintiff K.D.S. has sustained a "Birth-related neurological injury," as defined under PHL §2999(h)(1).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that it has been determined, on the merits, that infant plaintiff K.D.S. is a "Qualified plaintiff", as defined under PHL §2999(h)(4)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that K.D.S. shall be enrolled into the MIF by the Fund Administrator, and/or his/her representative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon enrollment of K.D.S. into the MIF, all payments for K.D.S.'s future medical expenses, which are all part of this settlement, shall be paid in accordance with Title 4 of Article 29-D of the Public Health Law (Public Health Law §2999-j), in lieu of that portion of the settlement that provides for payment of future medical expenses.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that following receipt of the signed Infant Compromise Order, the Plaintiffs are directed to promptly make application on behalf of infant K.D.S. for enrollment in the MIF, in accordance with PHL Section 2999-j(7).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, through their attorneys, THE JACOB D. FUCHSBERG LAW FIRM, LLP, shall notify defendant UNITED STATES OF AMERICA, through their counsel, of the date of K.D.S.'s application for enrollment into the MIF, as well as provide notification of acceptance or denial of acceptance into the MIF.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in accordance with paragraph 3.a. the Settlement Stipulation (Exhibit A), within five (5) business days after counsel for defendant UNITED STATES OF AMERICA receives: 1) the signed stipulation (Exhibit A); 2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; 3) this signed Order approving the settlement; 4) a final determination by the MIF; and 5) an authorization by the Attorney General, or his designee, to conclude negotiations and to consummate the settlement, counsel for the UNITED STATES will submit a request to the United States Department of the Treasury, requesting an electronic funds transfer ("EFT") the Total Settlement Cost in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($2,500,000.00), made payable to the Jacob D. Fuchsberg Law Firm IOLTA Account (the "Settlement Payment"), which Settlement Payment shall be distributed in accordance with the terms herein, including for attorneys' fees and disbursements herein approved, the Medicaid liens, the purchase of an annuity or annuities to provide future periodic payments for K.D.S., the payment of MARIKO SHINAGAWA for her causes of action, and the payment of K.D.S.'s remaining settlement proceeds to the listed bank accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court finds that the reimbursable costs and expenses of The Jacob D. Fuchsberg Law Firm, LLP associated with the litigation are ONE HUNDRED TWELVE THOUSAND NINE HUNDRED ELEVEN DOLLARS AND SEVENTY TWO CENTS ($112,911.72), and that such expenses and costs are fair, reasonable, and necessary, and that the aforementioned disbursements can be withdrawn/paid by the Jacob D. Fuchsberg Law Firm from their client trust account from the Settlement Payment for the purposes of paying such attorneys amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees of The

Jacob D. Fuchsberg Law Firm, LLP in this action shall be set at FIVE HUNDRED NINETY SIX THOUSAND SEVEN HUNDRED SEVENTY TWO DOLLARS AND SEVEN CENTS ($596,772.07), an amount not exceeding twenty-five percent (25%) of the Total Settlement Cost, which amount is 23.8709% of the Total Settlement Cost and 14.1653% of the Total Overall Settlement Amount, are hereby approved and are found to be fair and reasonable, and that the aforementioned attorneys' fees can be withdrawn/paid by the Jacob D. Fuchsberg Law Firm from their client trust account from the Settlement Payment for the purposes of paying such attorneys amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers, if any, arising from the subject matter of the action against the United States. The Court hereby orders Plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims, if any for payment or reimbursement asserted by any individual or entity, including Medicaid and/or Medicare. The Court further orders that Plaintiffs, by and through their attorneys, shall provide to the attorneys for the UNITED STATES OF AMERICA the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THE JACOB D. FUCHSBERG LAW FIRM, LLP, is authorized to and shall issue a check in the amount of TEN THOUSAND FORTY EIGHT DOLLARS AND TWENTY THREE CENTS ($10,048.23) to the "New York State Department of Health" from their attorney client trust account from the Settlement Payment, for the purpose of paying the New York Exchange Medicaid lien asserted

against the settlement made on behalf of infant plaintiff K.D.S.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that THE JACOB D. FUCHSBERG LAW FIRM, LLP, is authorized to and shall issue a check in the amount of FIVE THOUSAND SEVEN HUNDRED EIGHTY FIVE DOLLARS AND NINETY ONE CENTS ($5,785.91) to the "New York State Department of Health" from their attorney client trust account from the Settlement Payment, for the purpose of paying the New York Exchange Medicaid lien asserted against the settlement made on behalf of plaintiff MARIKO SHINAGAWA.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED authorized to and shall issue a check in the amount of ONE HUNDRED SEVENTY THREE THOUSAND TWO HUNDRED FORTY FIVE DOLLARS AND SEVENTY ONE CENTS ($173,245.71) from their attorney client trust account from the Settlement Payment, for the purpose of paying MARIKO SHINAGAWA's net settlement amount, after payment of her proportional attorneys' fees and disbursements and the Medicaid lien asserted against her recovery.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MARIKO SHINAGAWA and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S. shall be authorized and permitted and are hereby directed to open an account held by Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S., jointly with an officer of Bank of America, including at the branch located at 266 Broadway, Brooklyn, NY 11211, and which account is be held for the use and benefit of said infant, to be deposited in said bank, in a high yield interest-bearing bank account, whether a savings account or Certificate of Deposit (CD), in the name of said guardian jointly with an officer of the bank (the "Bank of America Account"), which account will receive the proposed annuity payments listed below.  No withdrawals shall be made from this account except as specifically permitted elsewhere in this Order or in a subsequent

8

order of this Court or another court of competent jurisdiction.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that purchasing annuities to provide a lifetime of future Periodic Payments with a substantial portion of K.D.S.'s net settlement is in the best interest of infant plaintiff K.D.S., and thus after receipt of the Settlement Payment from defendant UNITED STATES, the Jacob D. Fuchsberg Law Firm, LLP shall issue a check or draft payable to the Creative Capital Inc. Trust Account, Creative Capital Inc. being the annuity agent/broker for the purchase of three annuities that will provide periodic payments for the entirety of K.D.S.'s life, with minimum guaranteed payment terms of 30 and/or 40 years to protect against loss of funds should the infant plaintiff die prematurely, at a combined annuity cost in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($1,500,000.00), such annuities shall make periodic payments under the terms hereinafter set forth:

(a) Payee: Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S., jointly with an officer of an FDIC insured bank or banks as described below:

> Beginning 5/15/2025, $1,930.78 payable monthly, for life, guaranteed for 30 years, with the last guaranteed payment on 4/15/2055.

Annuity Issuer: National Integrity Life Insurance Company

Cost of Annuity: $500,000.00(b) Payee: Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S., jointly with an officer of an FDIC insured bank or banks as described below:

> Beginning 5/15/2025, $1,817.07 payable monthly, for life, guaranteed for 30 years, with the last guaranteed payment on 4/15/2055.

Annuity Issuer: First Symetra National Life Insurance Company of New York

Cost of Annuity: $500,000.00

(c) Payee: Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S., jointly with an officer of an FDIC insured bank or banks as described below:

9

Beginning 5/15/2025, $1,695.80 payable monthly, for life, guaranteed for 40 years, with the last guaranteed payment on 4/15/2065.
Annuity Issuer: Pacific Life & Annuity Company

Cost of Annuity: $500,000.00

The above three annuity monthly payment streams shall be collectively referred herein as the "Periodic Payments," and such payments that are stated as guaranteed shall be paid for the minimum number of years described above whether or not K.D.S. is alive. The above three annuities may either be commuted to present value and paid to the distributees of K.D.S.'s estate in a single lump sum or paid periodically as scheduled until all such periodic payments have been fully paid. In the event that K.D.S. lives longer than the above mentioned guaranteed periods, all payments shall continue for as long as K.D.S. shall live.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the projected purchase dates of the annuities will be within approximately three to six months after the date this Order is signed and entered, and the Settlement Payment is received by the Plaintiffs. Inasmuch as this Court recognizes that interest rates may vary over time, if Plaintiffs are unable to purchase the above listed annuities at the rates currently available due to the timing of the Settlement Payment by the United States to the Jacob D. Fuchsberg Law Firm IOLTA Account, any resultant delay may require a change in the Infant's benefit payment dates or amounts which shall be recorded in the annuity contracts without the necessity of obtaining further court approval.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the above mentioned Periodic Payments shall be deposited and/or placed into the aforementioned Bank of America Account. In the event that the sum of money in this Bank of America account reaches the then current FDIC insured maximum amount, or should Bank of America decline to open such a bank account for K.D.S., Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S shall be authorized, permitted, and directed to open an additional FDIC insured account(s) at another bank(s) into which additional continuing payments from the aforesaid annuities shall be deposited. The life insurance companies aforementioned are hereby directed to

10

revise the payee of all further deposits to be Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S. jointly with an officer of such additional or other banks as provided for in this Order without the necessity of Plaintiffs herein making an application to this court for an order approving said additional FDIC insured bank or banks.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MARIKO SHINAGAWA and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S. shall be authorized and permitted to open an account held by Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K█ D█ S█████, jointly with an officer of Citibank, including at the branch located at 424 5th Avenue, Brooklyn, NY 11215, and which account is be held for the use and benefit of said infant, to be deposited in said bank, in a high yield interest-bearing bank account, whether a savings account or Certificate of Deposit (CD), in the name of said guardian jointly with an officer of the bank (the "Citibank Account"), which account will receive the remaining portion of the K.D.S.'s net settlement amount. No withdrawals shall be made from this account except as specifically permitted elsewhere in this Order or in a subsequent order of this Court or another court of competent jurisdiction. In the event that the sum of money in this Citibank account reaches the then current FDIC insured maximum amount, or should Citibank decline to open such a bank account for K.D.S., Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S shall be authorized, permitted, and directed to open an additional FDIC insured account(s) at another bank(s) without the necessity of Plaintiffs herein making an application to this court for an order approving said additional FDIC insured bank or banks.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Jacob D. Fuchsberg Law Firm, LLP, is authorized to and shall issue a check in the amount of ONE HUNDRED ONE

11

THOUSAND TWO HUNDRED THIRTY SIX DOLLARS AND THIRTY SIX CENTS ($101,236.36) to Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K█ D█ S█████, jointly with an officer of Citibank, which shall be deposited into the Citibank Account, which represents the remaining net settlement proceeds for K.D.S. after the purchase of the aforementioned Periodic Payment annuities, and payment of proportional attorneys' fees, proportional disbursements, and the Medicaid lien asserted against K.D.S.'s settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MARIKO SHINAGAWA and Shinya SHINAGAWA are authorized to make monthly withdrawals in the amount of FIVE HUNDRED DOLLARS AND NO CENTS ($500.00), for the use and benefit of K.D.S., from the Bank of America Account without further order of this court until K.D.S. attains the age of majority on September 11, 2038, and that Bank of America is authorized and directed to issue and allow such monthly withdrawals.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon presentation to Bank of America (or to any additional FDIC insured bank as provided for in this Order to receive deposit of the Periodic Payments) of any tax statements, invoices, bills, insurance declarations, returns, and/or other related documents for the payment of taxes for the Periodic Payments and/or annuities and/or for interest earned from the Bank of America account (or additional FDIC insured bank account), as well as for any reasonable fees for the preparation of any income tax return, estimated income tax return, and/or accounting related to such taxes, Bank of America (or any additional FDIC insured bank) shall be authorized and directed to issue and allow withdrawals from the Bank of America Account (or other additional FDIC insured bank where funds are placed), including to MARIKO SHINAGAWA and/or Shinya Shinagawa, in an amount equal to such tax statements,

12

invoices, bills, insurance declarations, returns, and/or other related documents, along with any the reasonable fees for the preparation of any income tax return, estimated income tax return, and/or accounting, and that such amount shall be in addition to the $500.00 monthly withdrawals from the Bank of America Account already authorized by this order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon presentation to Citibank (or to any additional FDIC insured bank as provided for in this Order) of any tax statements, invoices, bills, insurance declarations, returns, and/or other related documents for the payment of taxes for any interest earned from the Citibank Account, as well as for any reasonable fees for the preparation of any income tax return, estimated income tax return re, and/or accounting related to such taxes, Citibank (or any additional FDIC insured bank) shall be authorized and directed to issue and allow withdrawals, including to MARIKO SHINAGAWA and/or Shinya Shinagawa, from the Citibank Account in an amount equal to such tax statements, invoices, bills, insurance declarations, returns, and/or other related documents, along with any the reasonable fees for the preparation of any income tax return, estimated income tax return, and/or accounting,.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED prior to K.D.S. reaching the age of majority on his 18th birthday on September 11, 2038 MARIKO SHINAGAWA, Shinya Shinagawa, and/or another qualified person shall apply to a Court of competent jurisdiction for a determination of whether the infant Plaintiff will have legal capacity upon attaining age of majority to manage his personal and financial affairs or whether the appointment of a Guardian of the Person and/or a guardian of the Property  of K.D.S. should be appointed.  In the event that a guardian is appointed,  the Court making such appointment shall have ongoing jurisdiction over the settlement proceeds and payments listed herein and all related issues.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in the event of a determination by a court of competent jurisdiction that the infant Plaintiff shall have that level of

capacity that will allow him to competently manage his financial affairs upon reaching age of majority, then and in that event, the aforementioned bank depositories are directed to pay over to said Infant Plaintiff, upon demand, and upon prior proof of age and identification, and upon presentation by said Infant Plaintiff of a certified copy of the court order declaring his competency and capacity to manage his own financial affairs, all of the monies in the aforesaid accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Settlement Stipulation and upon receiving notice from the United States Attorney's Office for the Southern District of New York that it has received the check for the amount of the Total Settlement Cost of $2,500,000.00 shall cause their attorney to file with this Court a Stipulation of Dismissal executed by the parties to dismiss this action against the UNITED STATES OF AMERICA in its entirety with prejudice, with each party to bear its own costs, expenses, and fees. Upon the filing of such Stipulation of Dismissal, the United States Attorney for the Southern District of New York shall transmit to Plaintiffs' attorney said check in the amount of the Total Settlement Cost of $2,500,000.00.IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in summary, upon receipt of the Total Settlement Cost of $2,500,000.00, the Jacob D. Fuchsberg Law Firm shall distribute such funds as follows:

a) $112,911.72 as and for the disbursements of the Jacob D. Fuchsberg Law Firm, to be withdrawn/issued from their client trust account and/or escrow account;

b) $596,772.07 as and for the attorneys' fees of the Jacob D. Fuchsberg Law Firm, to be withdrawn/issued from their client trust account and/or escrow account;

c) $1,500,000.00 to be issued in a check by the Jacob D. Fuchsberg Law Firm, LLP, from its client trust account and/or escrow account, payable to Creative Capital Inc.'s Trust Account to fund the purchase of annuities to provide future Periodic Payments as set

14

forth herein for the benefit of K.D.S. In the event that annuity rates have changed by the date of purchase, the payments described above in this Order shall be adjusted upward or downward to ensure that the total cost of the annuity contracts is equal to $1,500,000.00 and neither more nor less than that amount.

d) $101,236.36 to be issued in a check by the Jacob D. Fuchsberg Law Firm, LLP, from its client trust account and/or escrow account, payable to the Citibank Account (Mariko Shinagawa and Shinya Shinagawa, as Parents and Natural Guardians of K.D.S., jointly with an officer of Citibank) representing the balance of K.D.S.'s net settlement amount;

e) $10,048.23 to be issued in a check by the Jacob D. Fuchsberg Law Firm, LLP, from its client trust account and/or escrow account, payable to the "New York State Department of Health" as and for the New York State Department of Health Medicaid lien asserted against the settlement made on behalf of infant plaintiff K.D.S.;

f) $5,785.91 to be issued in a check by the Jacob D. Fuchsberg Law Firm, LLP, from its client trust account and/or escrow account, payable to the "New York State Department of Health" as and for the New York State Department of Health Medicaid lien asserted against the settlement made on behalf of plaintiff MARIKO SHINAGAWA;

g) $173,245.71 to be issued in a check by the Jacob D. Fuchsberg Law Firm, LLP, from its client trust account and/or escrow account, payable to MARIKO SHINAGAWA, as and for her net settlement proceeds for her causes of actions.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the filing of a bond is hereby dispensed with.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that after the payment of all sums due and payable by the United States of America and the entering of an order dismissing

15

this case, this Court shall not retain jurisdiction over this matter, this settlement, or the United States.

_____
HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE

Dated this 7 day of ___May___, 2026
New York, New York

16